RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/1/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ABEL TREVINO, JR. #66974-179** | **DOCKET NO. 10-CV-1705; SEC. P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **WILLIAM A. SHERROD** | **MAGISTRATE JUDGE JAMES D. KIRK** |

<u>REPORT AND RECOMMENDATION</u>

Pro se petitioner Abel Trevino, Jr. filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. He attacks his 2010 conviction in the United States District Court for the Southern District of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be DENIED AND DISMISSED.

*Background*

Petitioner plead guilty in the Southern District of Texas to conspiracy to launder money instruments in violation of 18 U.S.C. §1956(h) & 1956(a)(1)(A)(i). On April 6, 2010, Petitioner was sentenced to forty-eight months of imprisonment, three years of supervised release, and a fine of $25,000. [U.S. v. Trevino, SDTX #4:07-cr-0200] Petitioner filed a notice of appeal in the U.S. Fifth Circuit Court of Appeal. His motion to proceed in forma

pauperis on appeal was denied by the Fifth Circuit because he owns "unencumbered assets worth over half a million dollars that he could liquidate or borrow against in order to hire and pay counsel to prosecute his appeal." [U.S. v. Trevino, SDTX #4:07-cr-0200, Doc. 642] Thereafter, Petitioner still failed to pay the filing fee, so his appeal was dismissed for want of prosecution. [Id., Doc. 644] Prior to the dismissal of that appeal, Petitioner filed the instant petition for writ of habeas corpus.

### Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is being executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). To collaterally attack the legality of a federal conviction or sentence, the proper procedure is to file a petition pursuant to **28 U.S.C. §2255.** See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Here, Petitioner seeks to collaterally attack his federal court conviction. Thus, Petitioner's claim should be raised in a §2255 motion to vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test

the legality of his detention." 28 U.S.C. §2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. See Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

In the captioned matter, Petitioner has not yet filed a 2255 motion. Nor has Petitioner pointed to any retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense or that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first motion to vacate. In short, he has failed to show that his 28 U.S.C. §2255 remedies are ineffective and inadequate under the "savings clause". Therefore, the instant petition for writ of habeas corpus must be dismissed for lack of jurisdiction. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 1st day of February, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE